UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW IZEH,

                Plaintiff,

      -against-

NYPD, *et al.*,

                Defendants.

20-CV-6869 (CM)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP FOR RELEASED PRISONER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, who proceeds *pro se* and seeks *in forma pauperis* (IFP) status, was detained on Rikers Island when he filed this action. Petitioner was subsequently released from the custody of the New York City Department of Correction (DOC), but he has not provided his new mailing address to the Court. For the reasons set forth below, the Court directs Plaintiff, within thirty days of the date of this order, to submit an amended IFP application or pay the $400.00[1] in relevant fees to proceed with this action.

## DISCUSSION

      A plaintiff faces certain restrictions if he is a prisoner, as defined in the Prison Litigation Reform Act (PLRA), at the time he files a complaint.[2] *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the

---

[1] On December 1, 2020, the relevant fees required to file a federal civil action increased to a total of $402.00 – a $350.00 filing fee plus a $52.00 administrative fee. Because Plaintiff's action was filed before December 1, 2020, the increase in fees do not apply to this action.

[2] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

plaintiff files his complaint.'") (citation omitted). A prisoner proceeding IFP, for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1), and (2) can be disqualified from proceeding IFP, that is, without prepaying the filing fee, if he has previously filed three federal civil actions (or appeals), while he was a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(g) (the "three strikes" rule).[3]

Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Social Security*, 96 F.3d 28, 30 (1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.* But release does not change a plaintiff's designation as a prisoner if, at the time that he filed an action he was incarcerated, and dismissal of the action for failure to state a claim, or as frivolous or malicious, qualifies as a "strike" for purposes of § 1915(g). *See id.*

Because Plaintiff is no longer in DOC custody, his financial situation may have changed. The Court therefore directs Plaintiff, should he wish to proceed in this action IFP, to submit an amended IFP application within thirty days. Alternatively, Plaintiff may pay $400.00 in fees, which includes the $350.00 filing fee and a $50.00 administrative fee that applies to litigants who are not proceeding IFP. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling the action. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)

---

[3] A plaintiff who was a prisoner at the time of filing the complaint is also required to have exhausted prison grievance remedies if his claims arise from events that occurred in a correctional facility. 28 U.S.C. § 1997e(a).

(Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff.).

Plaintiff must update the Court in writing as to the change of his mailing address, and the Court may dismiss the action if Plaintiff fails to do so. *See, e.g.*, *Fields v. Beem*, No. 13-CV-0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff at his last known address and note service on the docket.

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or complete, sign, and submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 20-CV-6869 (CM). Plaintiff must also notify the Court as to his current mailing address. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 2, 2021
New York, New York

                          COLLEEN McMAHON
                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

(full name(s) of the defendant(s)/respondent(s))

# AMENDED APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes   ☐ No   (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes   ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment     ☐ Yes   ☐ No
   (b) Rent payments, interest, or dividends              ☐ Yes   ☐ No

|     |     |     |
| --- | --- | --- |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| | |
|---|---|
| Dated | Signature |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| Address          City | State          Zip Code |
| Telephone Number | E-mail Address (if available) |

IFP Application, page 2